

**MARIA ELLENA CHAVEZ-RUARK
U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| In re:<br><br>MERCEDES HERNANDEZ,<br><br>Debtor. | Case Number: 25-18184-MCR<br>(Chapter 13) |

### ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY AND REQUIRING CORRECTION OF SOCIAL SECURITY NUMBER

On September 5, 2025, Mercedes Hernandez (the "Debtor") filed a Chapter 13 Voluntary Petition (the "Petition"). The Debtor filed the Petition *pro se* but has since obtained bankruptcy counsel. On October 11, 2025, the Debtor filed a Motion for Continuation of the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3) (the "Motion") [Dkt. No. 20]. The Motion was filed because the Debtor had a prior bankruptcy case that was dismissed within the year preceding the commencement of the instant case. *See* Case No. 24-19595-MCR. For the following reasons, the Motion is denied.

1

11 U.S.C. § 362(c)(3) provides, in part:

> [i]f a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
>> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
>> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) **after notice and a hearing completed before the expiration of the 30-day period** only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and . . . . (emphasis added).

11 U.S.C. § 362(c)(3).  "The plain meaning of these subsections leads inevitably to the conclusion that if a motion to extend automatic stay is to be granted, that can occur only after a properly noticed hearing conducted within 30 days of the filing of the case."  *In re Tubman*, 364 B.R. 574, 580 (Bankr. D. Md. 2007).  In this case, the Motion was filed on October 11, 2025 – after the expiration of the 30-day timeframe in which the Court was required to conduct a hearing on the Motion.  Accordingly, the Court is unable to grant the relief requested.  The Court notes, however, that the reasoning of *In re Tubman* applies and the automatic stay is only terminated as to actions against the Debtor and property of the Debtor, but not as to any actions against property of the estate.  *Id.* at 583.

The Court further notes that in reviewing the Motion and the record in the Debtor's prior bankruptcy case (Case No. 24-19595-MCR), it appears that the Debtor provided a different Social Security Number in this case than she did in her prior case.  It is unclear to the Court which Social

Security Number is correct. This inconsistency must be corrected.

For the reasons set forth herein, it is by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion is denied; and it is further

**ORDERED**, that within fourteen (14) days of the date of entry of this Order, the Debtor shall file an Amended Statement About Your Social Security Numbers in either the instant case or in her prior bankruptcy case to reflect her correct Social Security Number.

cc:  Debtor
     Debtor's Counsel
     U.S. Trustee
     All Creditors and Parties-in-Interest

**End of Order**